# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| R. DOE and S. DOE, | : | No. 3:19cv174, |
| Plaintiffs | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| MARK ICKER, | : | |
| Defendant | : | |

## **MEMORANDUM**

Before the court is a motion by the defendant for the immediate stay of all discovery proceedings in this 42 U.S.C. § 1983 violation case. The parties have briefed the motion and the matter is ripe for disposition.

**Background**

In December of 2018, the District Attorney of Luzerne County criminally charged Defendant Mark Icker for crimes relating to allegations involving the sexual assault of women while the defendant was working on duty as a police officer. (Doc. 11-1, Def.'s Br. in Supp. at 1). Two pending criminal cases derived from these allegations, both of which are within the jurisdiction of the Court of Common Pleas of Luzerne County. (Id.) The defendant is currently incarcerated and awaiting trial on these charges. (Id.)

On January 31, 2019, the plaintiffs filed the instant lawsuit against the defendant. (Doc. 1). In their complaint, the plaintiffs, who are two of the alleged

victims in the criminal cases against the defendant, contend that the defendant is also civilly liable to them for sexual assault under 42 U.S.C. § 1983.

On March 29, 2019, the defendant filed a motion to stay all discovery proceedings pending the resolution of the criminal charges. (Doc. 11). The plaintiffs oppose this motion and have filed their brief in opposition. (Doc. 13).

**Discussion**

As noted above, the defendant moves for the immediate stay of all discovery proceedings. The defendant contends that although the instant matter is a 42 U.S.C. § 1983 claim arising from allegations that the defendant sexually assaulted the plaintiffs while on duty as a police officer, he has also been criminally charged for these allegations. The defendant argues that fairness and efficiency dictate that we stay the civil proceedings in this case pending the resolution of the criminal charges.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. North American Co., 299 U.S. 248, 254–55 (1936) (citations omitted). In deciding whether to stay a civil case pending the resolution of a criminal case, courts consider many factors, including (1) the

2

extent to which the issues in the civil and criminal cases overlap; (2) the status of the criminal proceedings, including whether any defendants have been indicted; (3) the plaintiff's interests in expeditious civil proceedings weighed against the prejudice to the plaintiff caused by the delay; (4) the burden on the defendants; (5) the interests of the court; and (6) the public interest. See In re Adelphia Communs. Secs. Litig., No. 02-1781, 2003 WL 22358819 (E.D. Pa. May 14, 2003). We will discuss these factors in turn.

In reviewing the extent to which the issues in the civil and criminal cases overlap, it is undisputed that the issues in the civil and criminal cases against the defendant are based on nearly identical factual allegations. The defendant is accused of sexually assaulting numerous females while on duty as a police officer. It appears that the plaintiffs in the instant matter are at least two of the alleged victims in the criminal matter.

Next, we look at the status of the criminal proceedings. As discussed above, the defendant has criminal charges pending in two separate cases. (Doc. 11, Def.'s Mot. for Stay ¶ 2). The first criminal case is anticipated to be tried on May 13, 2019, in the Court of Common Pleas of Luzerne County. (Id. ¶ 3). The second criminal case is scheduled for a dispositional hearing on April 25, 2019, also in the Court of Common Pleas of Luzerne County. (Id. ¶ 4). Because it is anticipated that all criminal proceedings against the defendant will be resolved

3

within the next two months, we find that this factor weighs in favor of a stay in the instant civil case.

For the third factor, we must weigh the plaintiffs' interests in expeditious civil proceedings against the prejudice to the plaintiffs caused by the delay. After review, we find that this factor also weighs in favor of staying the instant case. First and foremost, the Speedy Trial Act requires the swift resolution of criminal trials, thus the burdens of delay on civil litigants are lessened. See Walsh Securities, Inc. v. Cristo Property Management, LTD., 7 F. Supp 2d. 523, 527 (D.N.J. 1998). Furthermore, the defendant contends that a stay would actually be beneficial to the plaintiffs because if the Commonwealth of Pennsylvania succeeds in the prosecution of either or both criminal cases against the defendant, the plaintiffs may be relieved of the burden of establishing liability issues. In response, the plaintiffs note that with or without a stay, if the defendant is convicted, "it will have the same effect on plaintiff's civil case." (Doc. 13, Pls.' Br. in Opp'n. at 6). Significantly, the plaintiffs do not clearly articulate how they will be prejudiced by a stay in the proceedings.

We are also aware that the criminal cases, and now the instant civil case, have gained significant attention from the media. We anticipate that over the next two months, as the criminal charges come to their disposition, this matter will continue to attract public attention. While this fact alone is certainly not

determinative of a stay, we do find it significant that the plaintiffs filed the instant lawsuit anonymously because they fear unwanted attention and public shaming. The defendant has responded to the plaintiff's complaint averring that he is incapable of responding to many of the allegations in the instant complaint because the plaintiffs have not identified themselves. We believe that this confusion may be alleviated, while still protecting the plaintiffs' identities, by allowing for the resolution of the criminal cases, during which the plaintiffs will undoubtably be clearly identified to the defendant. As such, we find that it is also in the best interest of the plaintiffs to stay this matter.

The next factor we consider is the burden that the overlapping cases have on the defendant. The defendant argues that because the criminal charges against him are well underway, he faces a significant risk of self-incrimination during the civil discovery process. We agree. See State Farm Mut. Automobile Ins. Co. v. Beckham-Easley, No. 01-5530, 2002 WL 31111766, at *2 (E.D. Pa. Sept. 18, 2002) ("A court is most likely to grant a stay of civil proceedings where an indictment has been returned. The potential for self-incrimination is the greatest at this stage.") Moreover, the defendant risks exposing his criminal defense strategy during civil discovery. We find that these issues could be avoided by waiting to complete discovery until the criminal cases have been resolved. Thus, this factor weighs in favor of granting a stay in the proceedings.

The fifth factor we consider is the interests of the court. The court has an interest in judicial efficiency in terms of managing its caseload. Without a stay, interrogatory and deposition discovery would likely cause inefficiency as the defendant will be forced to assert Fifth Amendment privileges. These privilege assertions would burden the court with deciding numerous privilege issues, some of which have already been raised in the defendant's answer. Because there is an anticipated resolution of the criminal charges in the near future, we find that it is in the best interest of the court to grant the defendant's request for a stay.

Finally, we consider the interest of the public. With no argument from either party as to how the public interest would be harmed in the granting of a stay, we find that this factor, too, weighs in favor of granting the stay.

**Conclusion**

After careful consideration of the aforementioned factors, we find that a stay in instant civil case pending the disposition of the criminal charges against the defendant is appropriate. Thus, we will grant the defendant's motion. An appropriate order follows.

**BY THE COURT:**

**Date: April 15, 2019**     s/ James M. Munley_____
**JUDGE JAMES M. MUNLEY**
**United States District Judge**